W. M. GARDNER et al., Appellants,

v.

Ernie HOWARD et al., Appellees.

Court of Appeals of Kentucky.

Dec. 9, 1960.

W. M. Gardner, West Liberty, J. K. Wells, Paintsville, for appellants.

Earl Cooper, Salyersville, for appellees.

CULLEN, Commissioner.

The judgment below fixed the location upon the ground of a certain tract of land described in a deed of 1884 to defendants' predecessors in title. The judgment so located the land as to embrace an area in which the plaintiffs claimed ownership of the mineral rights under a later deed from the same grantor. The plaintiffs have moved for an appeal and the defendants have moved for a cross-appeal, the latter contending that the description should have been so located as to include additional land.

The 1884 deed describes the land as lying "on the left hand fork of Twin Lick Fork of the Mine Fork of Paint Creek." The main Twin Lick stream runs east in the general area in question. Going up the stream (to the west) there is first a branch going off to the south. A short distance farther a large branch turns directly north and a smaller branch continues on to the west. Some distance up the north branch it divides in two forks, one to the northwest and the other to the northeast.

The description in the deed commences at a mulberry tree (no longer identifiable) and then makes the following calls (emphasis supplied):

1. Thence *down* the Twin Lick Branch to a rock.

2. Thence turning a west course up a small drain with its meanders to a rock on top of a point.

3. Thence turning to the *right hand*, keeping the top of the ridge around the head of the *left hand fork* of Twin Lick to the top of the road point.

4. Thence down the road point with its meanders opposite the Twin Lick to the branch.

5. Thence up the branch to the beginning.

The court located the land as beginning at a point on the west branch extension of the creek, thence up a drain to a point on a ridge, thence around the ridge to a point directly above the upper fork point of the north branch, thence running south to the fork point and continuing down the north branch to the main creek, thence up the main creek and the west branch to the point of beginning.

The appellants contend that the commencing point should be on the northwest fork of the north branch, so that the deed would embrace only a tract surrounding that fork.

The appellees agree with the court's location up to the point above the upper fork point of the north branch, but they maintain that the description should carry on along the ridge around the northeast fork of the north branch to an old road, and thence south to the main creek, so as to include an area on the east side of the north branch.

■ We are unable to accept the circuit court's location of the description for the following reasons:

1. It requires that the north branch be treated as being a left hand fork, which it is not. The only true left hand fork located on the grantor's land was the northwest fork of the north branch.

2. It runs the first call *up* a branch, whereas the deed call is *down* the branch.

3. The drain selected by the court does not run a west course, as called for by the deed, but a course almost due north.

4. The drain selected by the court was outside the boundary of the grantor's land.

5. At the top of the point at the end of the drain, the court's location requires a turn to the left, whereas the deed calls for a turn to the right.

6. The court's location is inconsistent because it treats the northwest fork of the north branch as being the left hand fork of the creek for one purpose, but not for another.

7. The court's location runs a line from the fork point of the north branch down the north branch for a substantial distance to the main creek, whereas there is no such call in the deed.

It appears that the circuit judge rested his decision almost entirely on the fact that the drain which the appellants maintain is the one referred to in the deed (a small drain running west from the northwest fork of the north branch) cannot be the correct one because a line running up this drain will not terminate on top of a "point," but on top of a *ridge*. It seems to us that this is an insignificant discrepancy when compared with the multitude of discrepancies encountered in attempting to reconcile the court's location of the boundary with the deed description.

The location contended for by the appellees is subject not only to the objections that attend the court's location, but to others as well, which need not be enumerated.

■ It is our opinion that the correct location is that asserted by the appellants.

The motion for an appeal is sustained and the judgment is reversed with directions to enter judgment in conformity with this opinion. The motion for a cross-appeal is overruled.